UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNA L. PFEISTER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ACTION PROPERTY MANAGEMENT, INC.,<br><br>　　　　Defendant. | Case No. 21-cv-04473-RS<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Plaintiff Joanna L. Pfeister filed this action in federal court, asserting various state law causes of action. Defendant Action Property Management moves to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1] Dkts. 14–15. Defendant argues that this court lacks subject matter jurisdiction because both parties are citizens of California, and thus Plaintiff has not established diversity jurisdiction. Defendant also argues that Plaintiff has failed to state a claim upon which relief can be granted as to each of Plaintiff's four claims. As Plaintiff has not carried her burden of establishing diversity jurisdiction, and Plaintiff does not assert federal question jurisdiction, the case is dismissed due to lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Even if Plaintiff had established diversity jurisdiction, the lawsuit would also be

---

[1] Defendant filed its motions to dismiss as two separate motions: one addressing Rule 12(b)(1) and one addressing Rule 12(b)(6). Defendant should have made both the Rule 12(b)(1) and Rule 12(b)(6) arguments in one motion. Additionally, one of the issues addressed in the Rule 12(b)(6) motion, whether Plaintiff has standing, concerns subject matter jurisdiction and not whether Plaintiff stated a claim upon which relief can be granted.

dismissed under Rule 12(b)(6) for failure to state a claim. Although it is unclear whether the deficiencies in Plaintiff's pleading can be cured, at this time the lawsuit is dismissed with leave to amend.

## I. Factual and Procedural Background

Plaintiff owns a condominium in the Gramercy Towers building in San Francisco and is a member of the Board of Directors of the Gramercy Towers Condominium Association ("Association"). Complaint, Dkt. 1 ¶ 1. Defendant is the management company and custodian of records for Gramercy Towers. Complaint, Dkt. 1 ¶ 3. Plaintiff avers that this lawsuit arises out of a contract between the Association and Defendant that she negotiated in her role as chair of the Association's management company selection committee. Complaint, Dkt. 1 ¶ 1, 3. Plaintiff avers that she is an intended third-party beneficiary of the contract.

In Claim One, Plaintiff avers a breach of contract under 41 U.S.C. § 6503 related to Defendant's failure to allow her to inspect records. Complaint, Dkt. 1 ¶¶ 15–27. In Claim Two, Plaintiff avers, under the aegis of "Common Counts," that Defendant failed to repair a mold problem on her property and that an employee of the Defendant assaulted her in violation of California Penal Code § 368. Complaint, Dkt. 1 ¶¶ 28–35. In Claim Three, Plaintiff avers that Defendant misappropriated funds in violation of California Civil Code § 5502. Complaint, Dkt. 1 ¶¶ 36–42. In Claim Four, Plaintiff avers a claim for conversion, based on the failure of Defendant's employee to provide Plaintiff a letter she states she had a right to possess. Complaint, Dkt. 1 ¶¶ 43–49. Plaintiff avers, among other demands for relief, specific performance of the contract, compensatory damages, punitive damages, and attorney's fees. Complaint, Dkt. 1 ¶ 50.

Before filing this lawsuit in federal court, Plaintiff filed a lawsuit asserting similar claims in San Francisco Superior Court on August 27, 2020.[2] After successfully demurring to the initial complaint, Defendant successfully demurred to Plaintiff's First Amended Complaint in Superior

---

[2] The court grants Defendant's request for judicial notice, Dkt. 14-2, of pleadings and records from the Superior Court proceedings.

ORDER GRANTING MOTION TO DISMISS
CASE NO. 21-cv-04473-RS

2

Court on June 2, 2021. The court gave Plaintiff final leave to amend. Plaintiff, however, did not file a Second Amended Complaint and instead dismissed the action. Plaintiff then filed this lawsuit on June 10, 2021.

**II. Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Defendants first move to dismiss the lawsuit under Rule 12(b)(1) for lack of subject matter jurisdiction, arguing that Plaintiff has not established diversity jurisdiction.[3] As explained below, Plaintiff has not carried her burden of establishing subject matter jurisdiction.

A. <u>Legal Standard</u>

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.*

Federal district courts have original jurisdiction over civil actions in which the suit is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States." *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. A person residing in a given state is not necessarily domiciled there[.]" *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)

---

[3] Defendant also argues that Plaintiff has not established federal question jurisdiction. Plaintiff does not assert federal question jurisdiction in her complaint, and does not respond to Defendant's argument that there is no federal question jurisdiction in her opposition to Defendant's motion to dismiss under Rule 12(b)(1). To the extent that Plaintiff references a federal statute, 41 U.S.C. § 6503, in Claim One, the mere reference to that statute with no context does not confer federal question jurisdiction. *See Bell v. Hood*, 327 U.S. 678, 681 (1946) (explaining that when assessing federal question jurisdiction, "the district court must look to the way the complaint is drawn to see if it is drawn so as to claim a right to recover under the Constitution and laws of the United States"). Section 6503 sets out damages the federal government may recover from a contractor, rather than establishing a private right of action. Thus, Plaintiff's complaint does not claim a right to recover under federal law.

1  (internal citations omitted). When determining a party's domicile, courts consider factors
2  including the party's "current residence, voting registration and voting practices, location of
3  personal and real property, location of brokerage and bank accounts, location of spouse and
4  family, membership in unions and other organizations, place of employment or business, driver's
5  license and automobile registration, and payment of taxes." *Lew*, 797 F.2d at 750. The party
6  asserting federal subject matter jurisdiction has the burden of proof concerning the existence of
7  jurisdiction. *Id.* at 751; *see also Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.3d 1115, 1122
8  (9th Cir. 2010).

B. Discussion

Defendant argues that Plaintiff has not satisfied the diversity of citizenship requirement. The parties dispute whether Plaintiff is domiciled in California or Nevada. As there is no dispute that Defendant is a citizen of California because it is incorporated in California, whether Plaintiff is domiciled in California or Nevada determines whether diversity jurisdiction exists. In challenging Plaintiff's domicile, Defendant points to an array of facts that it argues point towards finding Plaintiff is domiciled in California. Defendant notes that in court pleadings and documents from the Superior Court case, Plaintiff listed her address as the condominium she owns at Gramercy Towers. Plaintiff also provided information about her California Driver's License in the state court litigation, and listed prior addresses in California. In the Superior Court lawsuit documents, Plaintiff did not include any information about the Nevada address she now claims as her domicile.

In response, Plaintiff provides a three-page declaration but no supporting materials. Plaintiff explains that she lives in Nevada, has never permanently lived in California, and only utilizes the Gramercy Towers condominium as an office for when she is in California conducting business. Pfeister Decl., Dkt. 16-1 ¶ 4. Plaintiff further states that a Carmel, California address listed in the state court documents is for a vacation home she sold prior to the commencement of this lawsuit. Pfeister Decl., Dkt. 16-1 ¶ 4. Plaintiff also states that the address listed on her California Driver's License is a Veterans' Administration hospital where she has received medical

treatment. Pfeister Decl., Dkt. 16-1 ¶ 3. Plaintiff asserts a variety of other ties to Nevada, including that she is registered to vote in Nevada, her vehicle is registered and insured in Nevada, and she files taxes in Nevada. Pfeister Decl., Dkt. 16-1 ¶¶ 2–3. Plaintiff, however, has not provided any documentary proof of these statements.

As the burden to establish diversity jurisdiction is on the proponent of jurisdiction, *Lew*, 797 F.2d at 751, diversity jurisdiction is not met at this time. Defendant has presented evidence to rebut Plaintiff's assertion that she is domiciled in Nevada. Given that in prior litigation Plaintiff has made no mention of a connection to Nevada, and that Plaintiff has not provided any evidence that Nevada is her domicile beyond the statements in her declaration, Plaintiff has not met her burden of establishing she is domiciled in that state. Thus, Plaintiff has not established diversity jurisdiction. As the domicile requirement has not been met, the amount in controversy requirement need not be reached.

### III. Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim

Defendant argues in the alternative that Plaintiff has failed to state a claim upon which relief should be granted, and thus that her lawsuit should be dismissed under Rule 12(b)(6).

A.  Legal Standard

Rule 12(b)(6) governs motions to dismiss for failure to state a claim. A complaint must contain a short and plain statement of the claim showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a). While "detailed factual allegations" are not required, a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged" under a cognizable legal theory. *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (internal quotation marks and citation omitted). When evaluating such a motion, courts "accept all factual allegations in the complaint as true and construe the pleadings

in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

B. Discussion

  *1. Claim One: Breach of Contract*

Plaintiff has failed to state a claim because she has not pled the requisite facts under the federal statute she cites as the basis for her breach of contract claim. The federal statute Plaintiff invokes in this claim, 41 U.S.C. § 6503, appears to have no connection to this lawsuit. Section 6503 concerns the breach of a contract "made by an agency of the United States for the manufacture or furnishing of materials, supplies, articles, or equipment[.]" 41 U.S.C. § 6502. At no point has Plaintiff averred that the federal government was a party to the contract at issue in this lawsuit or that this contract is for the manufacture or furnishing of equipment or materials. Plaintiff has failed to state a claim under 41 U.S.C. § 6503.

To the extent that Plaintiff attempts to assert a claim of breach of contract under California law, Plaintiff similarly fails to state such a claim. To state a claim for breach of contract under California law, a plaintiff must allege "(1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *Miles v. Deutsche Bank National Trust*, 236 Cal. App. 4th 394, 402 (2015). Plaintiff fails to state a claim because although she quotes portions of a contract, she does not make clear what contract she is referring to, who the parties to the contract are, or what performance was required by each party. Further, Plaintiff avers she was denied access to legal correspondence, and that the contract requires that Defendant make some records available for inspection, but does not adequately allege that legal correspondence is a type of record that Defendant is required to make available for inspection.[4]

---

[4] Defendant also argues that if Plaintiff is seeking relief under the Management Agreement, which controls Defendant's responsibilities as the property manager for Gramercy Towers, Plaintiff lacks standing to enforce the agreement because she is not a party to the contract. As Plaintiff has failed to identify adequately the contract at issue, an analysis of standing to enforce the Management Agreement is not necessary.

#### 2. *Claim Two: Common Counts*

Plaintiff avers that Defendant "became indebted to plaintiff . . . for money had and received by defendant for the use and benefit of plaintiff to repair the damage to and mold remediation in plaintiff's property located in Gramercy Towers[.]" Complaint, Dkt. 1 ¶ 29. Plaintiff avers that the damage to her property "was the direct and proximate result of a leak in the roof of the building that defendant had duty to maintain." Complaint, Dkt. 1 ¶ 29.

A common count under California common law is "for money paid by mistake, or upon a consideration which happens to fail, or extortion, or oppression, or an undue advantage of the plaintiff's situation contrary to the laws made for the protection of persons under those circumstances." *Minor v. Baldridge*, 123 Cal. 187, 191, 55 P. 783 (1898). Plaintiff makes a conclusory allegation that Defendant became "indebted" to her without specifying how Defendant became indebted, or pleading facts to support that Plaintiff made a payment to Defendant by mistake. Thus, Plaintiff has failed to state a claim under the common law doctrine of common counts.[5]

#### 3. *Claim Three: Misappropriation of Funds*

Plaintiff avers that Defendant violated California Civil Code § 5502 when Defendant transferred funds from the Association's accounts to pay for a lawsuit against Plaintiff. Complaint, Dkt. 1 ¶ 38. California Civil Code § 5502 states that "transfers of greater than ten thousand dollars ($10,000) or 5 percent of an association's total combined reserve and operating account deposits, whichever is lower, shall not be authorized from the association's reserve or operating accounts without prior written board approval." California Civil Code § 5502 regulates accounting for common interest developments in California. Plaintiff has not, however, pled a basis for how a

---

[5] In her opposition to the motion to dismiss, Plaintiff argues that Defendant is liable for intentional torts, and references facts pled in the "Common Counts" section of the Complaint. Plaintiff has not pled a claim for an intentional tort in the Complaint. Plaintiff refers to a statute in the California Penal Code in this section of the Complaint, *see* Complaint, Dkt. 1 ¶ 38, but does not set forth a claim for violation of an intentional tort.

violation of California Civil Code § 5502 creates a cause of action.[6]

    *4. Claim Four: Conversion*

Plaintiff avers a claim for conversion, stating that she "owned, possessed and had a right to possess" a letter from a law firm that one of Defendant's employees gave to another one of Defendant's employees. Under California law, a claim for conversion requires proving "(1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages[.]" *Lee v. Hanley*, 61 Cal. 4th 1225, 1240 (2015).

Plaintiff has failed to state a claim for conversion. She makes no adequate showing that she owned or had a right to possess the letter. Plaintiff references California Corporations Code § 8334, which provides that a director shall have a "right at any reasonable time to inspect and copy all books, records and documents" of the corporation. Plaintiff fails, however, to provide any legal basis to conclude that a right to inspect a document under California Corporations Code § 8334 creates a possessory interest for the purpose of a conversion claim. Thus, Plaintiff has failed to state a claim for conversion.

  C. Conclusion Concerning Rule 12(b)(6) Motion to Dismiss

For each of Plaintiff's claims, there is a "lack of a cognizable legal theory" or an "absence of sufficient facts alleged." *UMG Recordings*, 718 F.3d at 1014. Thus, dismissal under Rule 12(b)(6) for failure to state a claim is also appropriate.[7]

**IV. Conclusion**

For the foregoing reasons, the motion to dismiss is granted. It is unclear whether the

---

[6] Defendant also argues that Plaintiff lacks standing to pursue misappropriation of the Association's funds. As Plaintiff has not pled how California Civil Code § 5502 creates a cause of action, the court does not address whether Plaintiff has standing to enforce a violation, if such a violation could be enforced.

[7] Defendant additionally argues that Plaintiff has failed to plead sufficiently punitive damages and attorney's fees. As Plaintiff has failed to state a claim upon which relief can be granted, whether Plaintiff has adequately pled punitive damages or attorney's fees does not arise.

Plaintiff will be able to remedy the deficiencies in the state claims and in subject matter jurisdiction. At this juncture, however, the motion is granted with leave to amend. Should Plaintiff elect to amend the complaint, she must do so within 21 days of this order.

**IT IS SO ORDERED**.

Dated: November 4, 2021

_____
RICHARD SEEBORG
Chief United States District Judge